UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOREST L. FATE,<br><br>                          Plaintiff,<br><br>-against-<br><br>THE STATE OF NEW YORK; SPRING VALLEY POLICE DEPT.; RAMAPO POLICE DEPT.; TASK FORCE OFFICERS; DET. FANTASIA; INV. PASCOCELLO; SGT. RONNIE CHARLES, Village of Spring Valley Police Dept.; JOHN DOE POLICE OFFICER; OFFICER JOHN DOE, Ramapo Police Dept.; OFFICER JOHN DOE; OFFICER K-9 SGT. JOHN DOE; OFFICER JOHN DOE, Ramapo Police Dept.; DET. JOHN DOE,<br><br>                          Defendants. | 19-CV-4107 (CM)<br><br>ORDER OF SERVICE |

COLLEEN MCMAHON, Chief United States District Judge:

       Plaintiff, currently incarcerated in Rockland County Correctional Facility, brought this action *pro se* and seeking *in forma pauperis* ("IFP") status. By order dated June 19, 2019, the Court dismissed the complaint under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). On July 2, 2019, Plaintiff filed a notice of appeal, and by Mandate issued January 16, 2020, ECF No. 12, the United States Court of Appeals for the Second Circuit vacated the Court's judgment and remanded the case for further proceedings in light of its decision in *Escalera v. Samaritan Vill.*, 983 F.3d 380 (2d Cir. 2019).

       For the reasons set forth below, the Court directs service on Defendants State of New York, Spring Valley Police Department, and Ramapo Police Department, and orders the parties to submit briefs addressing whether Plaintiff is barred from proceeding IFP under the three-strikes provision of the PLRA. The Court conditionally grants Plaintiff's IFP application for the purposes of resolving this issue.

## BACKGROUND

The PLRA added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

On April 19, 2018, Plaintiff filed a previous action in this Court seeking IFP status. *Fate v. John*, ECF 1:18-CV-3493, 2. By order dated April 24, 2018, the Court ordered Plaintiff to show cause why the Court should not deny Plaintiff's IFP application under the PLRA's three-strikes provision. *Fate*, ECF 1:18-CV-3493, 4. The order to show cause identified the following cases as potential "strikes":

1. *Fate v. Queens Bar Assoc.*, ECF 1:99-CV-0262, 3 (S.D.N.Y. Jan. 14, 1999): dismissing the complaint for failure to state a claim and on immunity grounds;

2. *Fate v. Goord*, ECF 1:11-CV-7493, 27 (S.D.N.Y. July 31, 2012): dismissing the complaint for failure to state a claim;

3. *Fate v. Dep't of Corrs. & Comm. Supervision*, ECF 1:16-CV-1983, 9 (S.D.N.Y. Aug. 15, 2016): dismissing the complaint for failure to state a claim.

(*Id.* at 1-2.) The order granted Plaintiff leave to show that he had not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim, and stated that if Plaintiff could not show why he was not barred, or if he failed to respond to the order, the Court would deny Plaintiff's IFP application, and bar Plaintiff from filing future actions IFP while he was a prisoner. (*Id.* at 2.) *Cf. Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (affirming district court's dismissal on three-strikes grounds and noting that the plaintiff had a full opportunity to demonstrate to the district court that previous dismissals were not strikes).

Plaintiff did not respond to the order to show cause, and by order dated December 14, 2018, the Court recognized Plaintiff as barred under § 1915(g), denied his request to proceed IFP, and dismissed the action without prejudice.[1] *Fate*, ECF 1:18-CV-3493, 6.

On May 7, 2019, Plaintiff filed this *pro se* action, again seeking IFP status. On June 19, 2019, the Court dismissed the complaint based on the December 14, 2018 bar order. (ECF No. 8.) Plaintiff filed a notice of appeal on July 2, 2019.

On September 12, 2019, while Plaintiff's appeal was pending, the United States Court of Appeals for the Second Circuit held in *Escalera v. Samaritan Vill.*, 983 F.3d 380 (2d Cir. 2019), that (1) a prisoner's entire action, and not just individual claims, must be dismissed on § 1915(g) grounds to count as a strike; and (2) a mixed dismissal on both § 1915(g) and non-§ 1915(g) grounds, is not a strike. *Id.* at 382-84.

By Mandate issued January 16, 2020, the Second Circuit vacated the Court's judgment in this action and remanded the case for further proceedings in light of its decision in *Escalera*, specifically directing this Court to reconsider whether two of the cases cited in its bar order constitute strikes under the PLRA: *Fate v. Queens Bar Assoc.*, ECF 1:99-CV-0262, 3 (S.D.N.Y. Jan. 14, 1999), and *Fate v. Dep't of Corrs. & Cmty. Supervision*, ECF 1:16-CV-1983, 9 (S.D.N.Y. Aug, 15, 2016).[2] *See Fate v. State of New York*, No. 19-2008 (2d Cir. Jan. 16, 2020).

---

[1] In letters received by the Court on April 1 and April 12, 2019, and on May 1, 2019, Plaintiff requested that the Court reopen the action. The Court construed those letters as a motion for relief from the Court's December 14, 2018 order and judgment brought under Rule 60(b) of the Federal Rules of Civil Procedure, and by order dated June 17, 2019, the Court denied the motion. *Fate*, ECF 1:18-CV-3493, 12.

[2] By Mandate issued January 27, 2020, the Second Circuit also vacated and remanded the Court's decision in *Fate*, ECF 1:18-CV-3493, 15. *See Fate v. John*, No. 19-2089 (2d Cir. Jan. 27, 2020).

## SERVICE ON DEFENDANTS

The Court directs service on Defendants State of New York, Spring Valley Police Department, and Ramapo Police Department for the limited purpose of addressing whether Plaintiff is barred under the PLRA from proceeding IFP.[3]

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

---

[3] Under the PLRA, prisoners who are granted IFP status must still pay the full $350 filing fee, but they do so in installments that are deducted from their prison trust fund accounts based on calculations specified in the PLRA. 28 U.S.C. § 1915(b)(1). Prisoners who are not granted IFP status must prepay the full filing fees before their action can proceed.

To allow Plaintiff to effect service on Defendants State of New York, Spring Valley Police Department, and Ramapo Police Department through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants, including the complaint and a copy of this order.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## BRIEFING SCHEDULE

The Court directs the parties to brief the question of whether Plaintiff has on three or more occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted, so that he is barred from proceeding IFP under § 1915(g).

In their briefs, the parties should address, among other matters, whether the actions called into question by the Second Circuit constitute strikes under the PLRA:

1. *Fate v. Queens Bar Assoc.*, ECF 1:99-CV-0262, 3 (S.D.N.Y. Jan. 14, 1999); and

2. *Fate v. Dep't of Corrs. & Comm. Supervision*, ECF 1:16-CV-1983, 9 (S.D.N.Y. Aug. 15, 2016).

In addition to the cases identified in this Court's prior order, the parties should also address:

1. *Fate v. Britt*, No. 2:07-CV-5684 (E.D. La. Oct. 3, 2007) (report and recommendation) (Nov. 5, 2007) (order adopting R&R); and

2. *Fate v. Goord*, ECF 1:11-CV-7493, 27 (S.D.N.Y. July 31, 2012).

Within 30 days of being served, Defendants must file their motion papers. Plaintiff must file responsive papers within 30 days of the date on which Defendants file their motion papers. Defendants may file any reply within 15 days thereafter.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for the State of New York, Spring Valley Police Department, and Ramapo Police Department, and deliver to the U.S. Marshals Service all documents necessary to effect service, including the complaint and a copy of this order.

Defendants shall not be required to answer the complaint until Plaintiff's IFP status is resolved.

The Court directs the parties to submit briefs addressing the question of whether Plaintiff has on three or more occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted, so that he is barred from proceeding IFP under § 1915(g).

SO ORDERED.

Dated: February 10, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York State Attorney General
   28 Liberty Street, 15th Floor
   New York, NY 10005

2. Spring Valley Police Department
   200 N. Main Street
   Spring Valley, NY 10977

3. Ramapo Police Department
   237 NY-59
   Suffern, NY 10901