UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOREST L. FATE, <br><br> Plaintiff, <br><br> -against- <br><br> THE STATE OF NEW YORK; SPRING VALLEY POLICE DEPT.; RAMAPO POLICE DEPT.; TASK FORCE OFFICERS; DET. FANTASIA; INV. PASCOCELLO; SGT. RONNIE CHARLES, Village of Spring Valley Police Dept.; JOHN DOE POLICE OFFICER; OFFICER JOHN DOE, Ramapo Police Dept.; OFFICER JOHN DOE; OFFICER K-9 SGT. JOHN DOE; OFFICER JOHN DOE, Ramapo Police Dept.; DET. JOHN DOE, <br><br> Defendants. | No. 19-CV-4107 (CS) <br><br> ORDER OF DISMISSAL |

Seibel, J.:

Plaintiff, currently incarcerated in Five Points Correctional Facility, brings this action *pro se* and seeks *in forma pauperis* ("IFP") status. By order dated June 19, 2019, Chief Judge McMahon dismissed the action under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). On July 2, 2019, Plaintiff filed a notice of appeal, and by Mandate issued January 16, 2020, (Doc. 13), the U.S. Court of Appeals for the Second Circuit vacated the Court's judgment and remanded the case for further proceedings in light of its decision in *Escalera v. Samaritan Village*, 983 F.3d 380 (2d Cir. 2019), which addressed whether certain dismissals should count as strikes under the PLRA.

For the reasons set forth below, the Court finds that Plaintiff has, while incarcerated, filed at least three actions or appeals in federal court that count as strikes, because they were dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted. Plaintiff is therefore barred under § 1915(g) from proceeding IFP. The Court therefore denies

Plaintiff's application to proceed IFP and dismisses the complaint without prejudice under § 1915(g).

## BACKGROUND

On April 19, 2018, Plaintiff filed a previous action in this court seeking IFP status. (*Fate v. John*, No. 18-CV-3493, Doc. 2.) By order dated April 24, 2018, Chief Judge McMahon ordered Plaintiff to show cause why the court should not deny Plaintiff's IFP application under the PLRA's three-strikes provision. (No. 18-CV-3493, Doc. 4.) The order to show cause identified three actions that were dismissed on potential strike grounds:

1. *Fate v. Queens Bar Assoc.*, No. 99-CV-0262, Doc. 3 (S.D.N.Y. Jan. 14, 1999): dismissed for failure to state a claim and on immunity grounds;

2. *Fate v. Goord*, No. 11-CV-7493, Doc. 27 (S.D.N.Y. July 31, 2012): dismissed for failure to state a claim;

3. *Fate v. Dep't of Corrs. & Comm. Supervision*, No. 16-CV-1983, Doc. 9 (S.D.N.Y. Aug. 15, 2016): dismissed for failure to state a claim.

(No. 18-CV-3493, Doc. 4 at 1-2.) The order to show cause directed Plaintiff to show that he had not filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim, and warned that if he could not show that he was not barred, or if he failed to respond to the order, the court would deny Plaintiff's IFP application and bar him from filing future actions IFP while he was a prisoner unless he was in imminent danger of serious physical injury. (*Id.* at 2.) *Cf. Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (affirming district court's dismissal on three-strikes grounds and noting that the plaintiff had a full opportunity to demonstrate to the district court that previous dismissals were not strikes).

Plaintiff did not respond to the order to show cause, and by order dated December 14, 2018, Chief Judge McMahon held that Plaintiff was barred under the three-strikes provision, 28 U.S.C. § 1915(g); denied his request to proceed IFP; and dismissed the action without prejudice. (No. 18-CV-3493, Doc. 6.) In letters received by the Clerk of Court on April 1 and April 12,

2019, and on May 1, 2019, Plaintiff requested that the court reopen the action. Chief Judge McMahon construed those letters as a motion under Rule 60(b), Fed. R. Civ. P., for relief from the December 14, 2018 order and judgment, and by order dated June 17, 2019, denied the motion. (No. 18-CV-3493, Doc 12.)

On May 7, 2019, Plaintiff filed the instant *pro se* action, again seeking IFP status. On June 19, 2019, Chief Judge McMahon dismissed this action under § 1915(g) based on the December 14, 2018 bar order. (Doc. 8.) Plaintiff filed a notice of appeal in this action on July 2, 2019. (Doc. 10.)

On July 3, 2019, Plaintiff filed a notice of appeal in *Fate v. John*, appealing Chief Judge McMahon's June 17, 2019 order denying Plaintiff's motions for reconsideration of the court's dismissal of that action. (No. 18-CV-3493, Doc. 13.)

On September 12, 2019, while Plaintiff's appeals were pending, the United States Court of Appeals for the Second Circuit held in *Escalera v. Samaritan Village*, that (1) a prisoner's entire action, and not just individual claims, must be dismissed on § 1915(g) grounds to count as a strike, and (2) a mixed dismissal on both § 1915(g) and non-§ 1915(g) grounds, is not a strike. 983 F.3d 380, 382-84 (2d Cir. 2019).

By Mandate issued January 16, 2020, the Second Circuit vacated Chief Judge McMahon's June 19, 2019 order and judgment in this action and remanded the case for further proceedings in light of its decision in *Escalera*.[1] (Doc. 13.) The Second Circuit specifically directed the court to reconsider whether two of the dismissals cited in its bar order constitute strikes under the PLRA: *Fate v. Queens Bar Association*, No. 99-CV-0262, Doc. 3 (S.D.N.Y.

---

[1] By Mandate issued January 27, 2020, the Second Circuit also vacated and remanded the court's decision in *Fate v. John*. (No. 18-CV-3493, Doc. 15.) *See Fate v. John*, No. 19-2089, (2d Cir. Jan. 27, 2020).

Jan. 14, 1999), and *Fate v. Department of Corrections & Community Supervision*, No. 16-CV-1983, Doc. 9 (S.D.N.Y. Aug. 15, 2016). (*See* Doc. 13.)

By order dated February 10, 2020, Chief Judge McMahon directed Plaintiff and Defendants State of New York, Spring Valley Police Department, and Ramapo Police Department to file briefs addressing whether Plaintiff has accumulated three strikes and is therefore barred from proceeding IFP under § 1915(g). (Doc. 14.) The Village of Spring Valley filed a letter addressing the issue on May 1, 2020. (Doc. 19.) The Town of Ramapo Police Department filed a letter on September 15, 2020, (Doc. 24), and the State of New York filed a letter on September 26, 2020, (Doc. 26). Plaintiff has not responded to the order or otherwise communicated with the court regarding this matter.

## DISCUSSION

**A.     The PLRA's Three-Strikes Provision**

Congress enacted the PLRA to deter a perceived "flood of nonmeritorious claims" filed by prisoners. *Jones v. Bock*, 549 U.S. 199, 203 (2007). The statute was therefore designed "to cabin not only abusive but also simply meritless prisoner suits." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020). To limit nonmeritorious filings, Congress amended the IFP statute to include the following "three-strikes" provision:

> In no event shall a prisoner[2] bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

---

[2] The PLRA defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h).

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

28 U.S.C. § 1915(g).

Section 1915(g) is broader than the prior version of the IFP statute, which sought to deter only frivolous or malicious actions. *See Lomax*, 140 S. Ct. at 1726 (stating that in passing the PLRA, Congress "chose to go further" than the previous version of the IFP statute); *cf. Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989) (distinguishing dismissals as frivolous under the IFP statute and dismissals for failure to state a claim under Rule 12(b)(6) and noting that "not all unsuccessful claims are frivolous").

In *Escalera v. Samaritan Village*, 983 F.3d 380 (2d Cir. 2019), the plaintiff appealed the district court's order denying his IFP application on the grounds that he had acquired at least three strikes. The Second Circuit reversed the district court, finding that three of the five so-called strikes should not have been counted as strikes. The Second Circuit joined other circuit courts of appeals in holding that a prisoner's *entire* "action or appeal" must be dismissed on a § 1915(g) ground to count as a strike.[4] *Id.* at 382. So-called "mixed dismissals," where the action is dismissed for one or more § 1915(g) reasons *and* a non-§ 1915(g) reason, are not strikes, the court held.[5] *Id.*

---

[3] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[4] *See Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017); *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016); *Byrd v. Shannon*, 715 F.3d 117, 125 (3d Cir. 2013); *Turley v. Gaetz*, 625 F.3d 1005, 1008-09 (7th Cir. 2010); *Thompson v. DEA*, 492 F.3d 428, 440 (D.C. Cir. 2007).

[5] *Escalera* also clarified that neither a dismissal for failure to comply with an order to file a "legibly written" amended complaint nor a denial of summary judgment on the grounds that the "evidence did not support the claim" constitute a strike. *Id.* at 382-83.

After the Second Circuit decided *Escalera*, the Supreme Court in *Lomax v. Ortiz-Marquez*, addressed "whether a suit dismissed for failure to state a claim counts as a strike when the dismissal was without prejudice." 140 S. Ct. at 1723.  The Court held that whether an action is dismissed with or without prejudice is immaterial to whether the dismissal is a strike. Rather, the determination "hinges exclusively on the basis for the dismissal [that is, whether it is a strike ground], regardless of the decision's prejudicial effect." *Id.* at 1724-25.  The Court reached its conclusion based on a reading of the statutory text, which does not distinguish between dismissals with and without prejudice.  Thus, a dismissal for failure to state a claim counts as a strike even if the dismissal is without prejudice "to a plaintiff's ability to reassert his claim in a later action."[6] *Id.*

**B.      Plaintiff has acquired three strikes**

The Second Circuit's Mandate in this case directed the Court to reconsider whether dismissals of the following actions count as strikes: *Fate v. Queens Bar Association*, No. 99-CV-0262, Doc. 3 (S.D.N.Y. Jan. 14, 1999), and *Fate v. Department of Corrections & Community Supervision*, No. 16-CV-1983, Doc. 9 (S.D.N.Y. Aug. 15, 2016).  The Court has reconsidered these dismissals and reviewed other actions filed by Plaintiff that were dismissed and concludes that Plaintiff has acquired at least three strikes.

    **1.      Not a Strike: *Fate v. Department of Corrections & Community Supervision*, No. 16-CV-1983, Doc. 9 (S.D.N.Y. Aug. 15, 2016)**

The first case that the Second Circuit directed the Court to reconsider is *Fate v. Department of Corrections & Community Supervision*, No. 16-CV-1983, Doc. 9 (S.D.N.Y. Aug.

---

[6] The Court noted that "[t]he broad statutory language —on its face covering dismissals both with and without prejudice—tracks courts' ordinary authority to decide whether a dismissal for failure to state a claim should have preclusive effect." *Id.* at 1725.

15, 2016). After reexamining the dismissal order in this action, the Court concludes that it is not a strike.

Plaintiff brought an action using a complaint form captioned for actions under 42 U.S.C. § 1983, alleging that the New York State Department of Corrections and Community Supervision illegally extended his sentence beyond his maximum release date. Plaintiff requested that "[p]ost release will honor [a]ll [j]udge's concurrent sentences in all cases" and sought compensatory and punitive damages. (No. 16-CV-1983, Doc. 2.) The court construed the complaint as "seek[ing] release from custody and monetary damages." (No. 16-CV-1983, Doc. 9, at 2.) The court dismissed Plaintiff's claim for money damages for failure to state a claim. Addressing Plaintiff's request to be released from custody, the court noted that the proper vehicle for such a request is a petition for a writ of *habeas corpus* under § 2254 and held that to the extent that Plaintiff's "submission [could] be construed as a § 2254 petition," it had to be dismissed because Plaintiff did not demonstrate that he had exhausted his available state court remedies. (*Id.* at 3-4.)

Because the court construed Plaintiff's complaint in part as seeking *habeas corpus* relief under 28 U.S.C. § 2254, and dismissed those claims as unexhausted, the "entire action or appeal," *Escalera*, 983 F.3d at 384, was not dismissed on § 1915(g) grounds. *See, e.g.*, *Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013) (holding that dismissals of habeas petitions filed under § 2254 do not count as strikes under § 1915(g)). The Court therefore will not count this dismissal as a strike under § 1915(g).

2. **Strike One: *Fate v. Britt*, No. 07-CV-5684 (E.D. La. Nov. 5, 2007)**

*Fate v. Britt*, No. 07-CV-5684, Doc. 4 (E.D. La. Oct. 3, 2007) (report and recommendation), Doc. 6 (Nov. 5, 2007) (order adopting R&R), was not listed among Plaintiff's strikes in the initial bar order, and therefore the Second Circuit did not direct the court to reexamine it. Because the Court has an independent obligation under § 1915(g) to determine

whether Plaintiff has three strikes, the Court has reviewed the district court's dismissal of this action and concluded that it is a strike.

In *Britt,* Plaintiff brought an action in the Eastern District of Louisiana, using that court's prisoner complaint form captioned for actions under § 1983, against the owner, manager, and "second in charge" of a hotel at which Plaintiff and his wife were working.[7] (No. 07-CV-5684, Doc. 1, at 4.)  Plaintiff alleged that three unidentified men stole cash and personal items from his hotel room. He maintained that the hotel employees were liable because a former employee had stolen master keys to the hotel rooms and was "s[elling] them on the street." (*Id.* at 5.)  The magistrate judge recommended dismissing Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  The court adopted the magistrate judge's Report and Recommendation and dismissed Plaintiff's complaint "without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i)." (No. 07-CV-5684, Doc. 6.)  This action therefore counts as a strike.

That the action was dismissed without prejudice does not change the fact that it was dismissed as frivolous.  As the Supreme Court noted in *Lomax*, actions are often dismissed without prejudice for frivolousness, but these dismissals still count as strikes.  *See Lomax*, 140 S. Ct. at 1726.

3. **Strike Two: *Fate v. Goord*, No. 11-CV-7493, (S.D.N.Y. July 31, 2012)**

*Fate v. Goord*, No. 11-CV-7493, Doc. 27 (S.D.N.Y. July 31, 2012), was included in the original bar order, but was *not* among the actions that the Second Circuit directed the court to reexamine.  In an abundance of caution, the Court analyzes the action and concludes that the dismissal does count as a strike.

---

[7] At the time he filed the complaint, Plaintiff was detained in the Wilson County Jail, in Wilson, North Carolina.  (No. 07-CV-5684, Doc. 1, at 3.)

8

In *Goord*, No. 11-CV-7493, Plaintiff brought federal constitutional claims as well as claims under the Americans with Disabilities Act and the Rehabilitation Act against various correction officials.  The court noted that venue was improper, and then exercised its discretion under 28 U.S.C. § 1406(a) to dismiss the action on its merits.  (*See* No. 11-CV-7493, Doc. 27 at 11 ("Because the Complaint fails to state a claim as set forth below, dismissal, rather than transfer, is appropriate.")).  After an extensive analysis of the substance of Plaintiff's claims, the court granted defendants' motion to dismiss.  Although defendants moved to dismiss the complaint under Rules 12(b)(1), (3), and (6) of the Federal Rules of Civil Procedure, and under 28 U.S.C. § 1406, it is clear that the court dismissed the action for failure to state a claim under Rule 12(b)(6).  The court dismissed Plaintiff claims under the Americans with Disabilities Act and the Rehabilitation Act on the grounds that those statutes do not allow for individual liability.  (*See id.* at 11-12.)  Plaintiff's constitutional claims were also dismissed for failure to state a claim.  (*See id.* at 23 ("Taken together, the Complaint has not pled sufficient facts to show that any of the Defendants violated any of Fate's constitutional rights, and those claims are dismissed.")).

A dismissal in which some claims are dismissed for improper venue and other claims are dismissed on strike grounds would arguably be a "mixed dismissal" under *Escalera*.  But the court here did not dismiss any claims due to improper venue.  Nor did it choose to exercise its discretion to sever and transfer any of Plaintiff's claims to another venue.  Instead, the court noted that venue was improper and proceeded to dismiss the entire action on strike grounds.  That the court reached the merits and determined that the action failed to state a claim distinguishes this dismissal from those non-strike dismissals discussed in *Escalera* in which the district court did not reach the merits.  *See Escalera*, 938 F.3d at 384 (noting that dismissal on jurisdictional grounds is not a strike because "the district court d[oes] not reach the merits of [a

9

plaintiff's] state claim or deem it defective on § 1915(g) grounds"); *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016) ("Dismissal on jurisdictional grounds occurs not only before an examination of the merits, but curtails such an examination.").

4. **Strike Three:** *Fate v. Gusman*, No. 06-CV-5769 (E.D. La. Mar. 9, 2007)

Another action that was not included as a strike in the original bar order, and therefore was not among the dismissals that the Second Circuit directed the court to reexamine is *Fate v. Gusman*, No. 06-CV-5769, Doc. 10 (E.D. La. Dec. 13, 2006) (report and recommendation), Doc. 12 (Mar. 9, 2007) (order adopting R&R). The Court has examined the dismissal in that action and concluded that it is a strike.

In *Gusman*, Plaintiff brought a § 1983 action in the Eastern District of Louisiana against prison officials, alleging that the defendants violated his federal constitutional rights. One of the defendants filed an answer, and the court issued a briefing order that required a response from Plaintiff. When that order was returned with a notation that Plaintiff had been released from the facility, and Plaintiff failed to contact the court or respond to the court's order, the magistrate judge recommended that the action be dismissed for failure to prosecute. (No. 06-CV-5769, Doc. 10.) The district judge adopted the magistrate judge's Report and Recommendation and dismissed Plaintiff's claims with prejudice as "legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2)."[8] (No. 06-CV-5769, Doc. 12.) Although the magistrate judge recommended dismissal based on Plaintiff's failure to prosecute, the district judge clearly stated

---

[8] Under the PLRA's "screening" provision, courts are required to screen all civil actions in which a prisoner sues a governmental entity or official, and to dismiss any claims that are frivolous, malicious, or fail to state a claim, or in which the prisoner seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (applying to prisoner and nonprisoner IFP actions and requiring dismissal on same grounds). Dismissal of prisoner actions that fall into one or more of § 1915A's categories is mandatory. The court was therefore authorized, and indeed required, to dismiss the action even though Plaintiff did not respond.

10

that the action was dismissed on strike grounds and with prejudice.[9] The Court therefore concludes that this dismissal counts as a strike.

### 5. Strike Four: *Fate v. Queens Bar Association*, No. 99-CV-0262 (S.D.N.Y. Jan. 14, 1999)

The second dismissal that the Second Circuit directed the Court to reconsider is *Fate v. Queens Bar Association*, No. 99-CV-0262, Doc. 3 (S.D.N.Y. Jan. 14, 1999), which the Second Circuit characterized as "an action dismissed without prejudice, in part, for improper venue." (Doc. 13.) After reexamining the dismissal order in this action, the Court concludes that the action was dismissed as frivolous and is therefore a strike.

In *Queens Bar Association,* Plaintiff sued the criminal defense attorney who represented him in a prior criminal action, the Queens Bar Association, the Queens County District Attorney, and an assistant district attorney, alleging that the defendants violated his rights during his criminal case.

The court noted that, because the events giving rise to the claim occurred in Queens, the Southern District was not the prior venue for Plaintiff to bring his action. But the court exercised its discretion under 28 U.S.C. § 1406(a) to dismiss, rather than transfer, the action because it found Plaintiff's "case to be of questionable merit." (No. 99-CV-0262, Doc. 3 at 2.)

In a lengthy and detailed opinion, the court analyzed each of Plaintiff's claims and dismissed them on various grounds, including as barred by the *Younger* abstention doctrine, as

---

[9] The Court notes that Plaintiff has a lengthy history of bringing actions that are subsequently dismissed for his failure to prosecute. *See, e.g.*, *Fate v. Dubois*, No. 16-CV-1845 (S.D.N.Y. Apr. 7, 2017) (dismissed for failure to prosecute); *Fate v. Reynolds*, No. 11-CT-3076-F (E.D.N.C. June 1, 2015) (dismissed for failure to prosecute); *Fate v. Doe*, No. 07-CV-9256 (S.D.N.Y. July 7, 2008) (dismissed for failure to prosecute); *Fate v. Gay*, No. 02-CT-0817-H (W.D.N.C. 2003) (dismissed for failure to prosecute); *Fate v. Kerik*, No. 00-CV-0716 (S.D.N.Y. Sept. 8, 2000) (dismissed for failure to comply with Rule 4(m)); *Fate v. Bartlett*, No. 94-CV-6457 (W.D.N.Y. 1995) (dismissed for failure to prosecute); *Fate v. Clarkstown Police*, No. 93-CV-8599 (S.D.N.Y. Sept. 14, 1994) (dismissed for failure to prosecute).

barred by *Heck's* favorable termination rule, as barred under the doctrine of prosecutorial immunity, for a lack of state action, and for a lack of personal involvement. After addressing each claim, the court concluded its order by dismissing "the present complaint . . . without prejudice" because it "lacks an arguable basis either in law or in fact." (*Id.* at 6 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and citing 28 U.S.C. § 1915(e)(2)).) The language from *Neitzke* quoted by the court is the definition of frivolousness. *See Neitzke*, 490 U.S. at 325 (holding that a complaint "is frivolous where it lacks an arguable basis either in law or in fact"). While the court may have identified specific deficiencies in each of Plaintiff's individual claims, it ultimately dismissed "the present complaint," in other words, the entire action, on the grounds that it was frivolous. And courts have stated that there may be cases where a prisoner's claims, though subject to dismissal for a non-§ 1915(g) reason, may nevertheless be so baseless that the action can be considered "frivolous." *See, e.g.*, *Escalera*, 938 F.3d at 384; *Tafari*, 473 F.3d at 444 (noting that a "jurisdictionally barred appeal [that] is a part of a broader pattern of vexatious conduct on the part of the litigant" might be considered frivolous).

**C.     Plaintiff has three or more strikes**

Upon reconsidering the dismissals identified in the Second Circuit's Mandate in this action and reviewing other actions Plaintiff has filed that have been dismissed, the Court finds that while Plaintiff was a prisoner, he filed three or more actions or appeals that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff is barred from filing future actions IFP in this Court while a prisoner unless he is under imminent threat of serious physical injury.

Plaintiff's complaint in this action does not show that he is in imminent danger of serious physical injury. Instead, Plaintiff alleges a campaign of police harassment and retaliation that began in 2015. And while Plaintiff alleges that he was physically assaulted by the police in

November 2018, he does not allege that he was in physical danger at the time he filed the complaint. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP and dismisses the complaint without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2]

Plaintiff is barred from filing any future action IFP while in custody unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 26, 2021
White Plains, New York

*Cathy Seibel*
CATHY SEIBEL
United States District Judge

---

[2] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future federal civil actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).